## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEAN ARCHER, JULIET ARCHER &**    **CIVIL ACTION**
**KATHARINE ARCHER**

**VERSUS**          **NO:  13-5198**

**PIERRE G. WALKER, III**     **SECTION: "S" (5)**

### ORDER AND REASONS

   **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12) is **GRANTED**, and plaintiffs' claims against him are **DISMISSED WITHOUT PREJUDICE**.

   **IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure Against Attorney Mark Edward Andrews and/or Jean Archer, Juliet Archer, and Katharine Archer (Doc. #13) is **DENIED**.

### BACKGROUND

   This matter is before the court on a motion to dismiss for lack of subject matter jurisdiction filed by defendant, Pierre G. Walker, III.[1]  It is also before the court on Walker's motion for sanctions.

   On October 21, 2013, plaintiffs, Jean Archer, Juliet Archer and Katharine Archer, filed this action against Walker alleging claims under Louisiana state law for breach of contract, theft, fraud and mismanagement. They alleged subject matter jurisdiction under 28 U.S.C. § 1332 "of claims by United Kingdom citizen Jean Archer, Australia citizen Juliet Archer, and United Kingdom citizen

---

[1] Walker also argues that the case should be dismissed because plaintiffs' failed to state a claim upon which relief can be granted and under the <u>Rooker-Feldman</u> abstention doctrine (Doc. #12). These arguments need not be addressed because the court finds that it lacks subject matter jurisdiction over this matter.

Katharine Archer, against United States citizen and Louisiana domiciliary Pierre G. Walker, III, where the matters in controversy exceed the value of US$75,000 for each plaintiff."

Walker filed a motion to dismiss this action based on lack of subject matter jurisdiction, arguing that Katharine Archer is a Louisiana domiciliary for purposes of subject matter jurisdiction under §1332(a)(2) because she has a "Green Card," has been a legal resident alien in the United States for over 20 years, and domiciled in Louisiana for 17 years.

Katharine Archer argues that she cannot be considered a Louisiana domiciliary because she is a citizen of the United Kingdom and intends to leave Louisiana when her two daughters finish school and reach the age of majority.  She claims that she "has obtained the necessary permission to stay in the United States until her daughters reach majority and finish school."  However, she does not contest Walker's assertions that she is a resident permanent alien who has been in the United States for over 20 years.  In the amended complaint, plaintiffs allege that beginning in 1992, Katharine Archer was domiciled in Houston, Texas where she operated a business.

Walker seeks sanctions of $9,756.88 in attorneys' fees and costs under Rule 11 of the Federal Rules of Civil Procedure.  He argues that plaintiffs' attorney, Mark Edward Andrews, should be reported to the attorney disciplinary boards, and that the suit should be dismissed with prejudice. Walker argues that sanctions are appropriate "for the creation, signing and filing of such a patently frivolous and harassing series of pleadings based upon material misrepresentations of fact, including the fabrication of diversity jurisdiction, with no objective inquiry into any law or fact prior to signing and filing the frivolous, harassing pleadings themselves."  Specifically, Walker argues that Andrews knew that Katharine Archer was a permanent resident of the United States domiciled in

2

Louisiana, and misrepresented facts to establish diversity jurisdiction.  He also argues that Andrews failed to investigate the law and facts applicable to prescription and did not properly effect service. Plaintiffs and Andrews argue that they did not misrepresent any facts and there is no basis upon which to impose sanctions.

## ANALYSIS

### A.   Motion to Dismiss

#### 1.   Legal Standard

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001).  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist. Id.

#### 2.   Diversity Jurisdiction Under 28 U.S.C. §1332(a)(2)

Section 1332(a)(2), Title 28 of the United States Code provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs and is between –

> citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. § 1332(a)(2). When determining whether an individual has been lawfully admitted for permanent residence in the United States, the court looks to the litigant's official immigration status. Foy v. Schantz, Schatzman & Aaronson, P.A., 108 F.3d 1347, 1348-49 (11th Cir. 1997). The court does not consider whether the litigant, "regardless of his immigration status, actually intended to reside permanently in the United States." Id. at 1349.

The evidence before the court indicates that Katharine Archer has been admitted to the United States as a permanent resident, and is a domiciliary of Louisiana. She admits in the amended complaint that she has lived and worked in the United States since 1992. Her mother, Jean Archer, also admitted that Katharine Archer had a "Green Card." A Westlaw search revealed that Katharine Archer has been issued a Social Security number, and has lived in New Orleans, Louisiana since 1997. The Social Security Administration's information regarding Social Security Numbers for Noncitizens states that "[g]enerally, only noncitizens authorized to work in the United States by the Department of Homeland Security (DHA) can get a Social Security number." http://www.socialsecurity.gov/pubs/10096.html (last accessed May 30, 2014). The United States Citizenship and Immigrations Services Division of the Department of Homeland Security's Customer Service Reference Guide for Employment Authorization states that "U.S. citizens, permanent residents and others granted long-term status" can be authorized to work in the United States. www.uscis.gov/sites/default/.../Employment_Authorization.pdf (last accessed May 30, 2014).

As stated above, in a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist. Ramming, 281 F.3d at 161. Katharine Archer has not presented any evidence that refutes that she is indeed a permanent resident of the United States who

is domiciled in Louisiana.  Because Katharine Archer and Walker are both domiciled in Louisiana, this court lacks diversity subject matter jurisdiction under § 1332(a)(2), and this matter is DISMISSED WITHOUT PREJUDICE.

**B.     Motion for Sanctions**

Rule 11(b)(3) provides that by presenting a pleading, written motion, or other paper to the court, an attorney or unrepresented party certifies that to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3). Compliance with Rule 11 is judged by "an objective standard of reasonableness under the circumstances." Jennings v. Joshua Indep. Sch. Dist., 948 F.2d 194, 197 (5th Cir 1991). "Reasonableness is reviewed according to the 'snapshot' rule, focusing upon the instant the attorney fixes his signature to the document." Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439, 444 (5th Cir. 1992).  In determining whether an attorney has complied with Rule 11(b)(3) regarding the factual inquiry, the court considers: (1) the time available to the signer for investigation; (2) the extent of the attorney's reliance upon his client for the factual support of the document; (3) the feasibility of pre-filing investigation; (3) whether the signing attorney accepted the case from another member of the bar; (3) the complexity of the factual and legal issues; and (4) the extent to which development of the factual circumstances underlying the claim requires discovery. Id.  To determine the reasonableness of the legal inquiry, the court considers: (1) the time available to the attorney; (2) the plausibility of the legal view contained in the document; (3) the pro se status of the litigant; and (4) the complexity of the legal and factual issues raised.  Id.

5

A motion for sanctions must be made separately from any other motion, must describe the specific conduct that allegedly violates Rule 11(b), and must be served under Rule 5, but not presented to the court until the other party is given 21 days to withdraw the complained of pleading. FED. R. CIV. P. 11(2).  Walker appears to have complied with this rule.  He states that he served the Rule 11 motion on Andrews on November 18, 2013, and it was filed with the court more than 21 days later, on April 28, 2014.

If the court finds that sanctions are warranted under Rule 11, the penalty "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and, if the sanctions are the result of a motion, the court may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(3)-(4).  A district court is able to impose sanctions under Rule 11 even if the court does not have subject matter jurisdiction over the action.  Willy v. Coastal Corp., 915 F.2d 965, 967 (5th Cir. 1990).  The United States Court of Appeals for the Fifth Circuit has "recognized that to effectuate the goals of Rule 11, a district court must possess the authority to impose sanctions irrespective of the existence of subject matter jurisdiction." Id.

In this case, the court declines to impose sanctions on Andrews or plaintiffs under Rule 11. Andrews does not appear to have definitively known that Katherine Archer's immigration status when the suit was filed, and he relied on her representations regarding her intent to remain in the United States.  Further, plaintiffs were likely unaware of the legal standard for diversity subject matter jurisdiction regarding foreign citizens that are permanent residents of the United States by virtue of their immigration status.  Therefore, Walker's motion for sanctions is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12) is **GRANTED**, and plaintiffs' claims against him are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure Against Attorney Mark Edward Andrews and/or Jean Archer, Juliet Archer, and Katharine Archer (Doc. #13) is **DENIED**.

New Orleans, Louisiana, this ___6th___ day of June, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

7